Filed 2/7/23  P. v. Bonilla CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL BONILLA,<br><br>    Defendant and Appellant. | B321511<br><br>(Los Angeles County<br>Super. Ct. No. BA399015) |

THE COURT:

In 2013, a jury found defendant and appellant Manuel Bonilla guilty of first degree murder (Pen. Code, § 187, subd. (a)),[1] possession for sale of methamphetamine (Health & Saf. Code, § 11378), possession for sale of cocaine (Health & Saf. Code, § 11351), possession for sale of cocaine base (Health & Saf. Code, § 11351.5), and two counts of possession of a firearm by a

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

felon (§ 29800, subd. (a)(1)). As to the murder, the jury found true, among other allegations, that defendant personally used and discharged a firearm causing great bodily injury and death to the victim within the meaning of section 12022.53, subdivision (d). The trial court sentenced defendant to a total term of 57 years to life in state prison.

On direct appeal, we instructed the trial court to amend the abstract of judgment to reflect an additional day of presentence custody credit; we otherwise affirmed the judgment. (*People v. Bonilla* (Dec. 2, 2014, B249622) [nonpub. opn.], at p. 15.)

On April 29, 2021, defendant, in propria persona, filed a petition for resentencing under section 1172.6 (former § 1170.95).[2] On May 7, 2021, the trial court summarily denied the petition on the ground that defendant had failed to establish a prima facie case for relief.

On February 28, 2022, defendant filed a second section 1172.6 petition. This time, the trial court found that the petition met "the basic requirements of the statute." Accordingly, the court appointed counsel to represent defendant. The People opposed the petition.

On June 9, 2022, the trial court denied defendant's second section 1172.6 petition. The court again found that defendant had failed to establish a prima facie case for relief. The court explained that the jury had been instructed on the theories that defendant shot the victim and that he was an aider and abettor to the shooting; the jury had not been instructed on felony murder or the doctrine of natural and probable consequences. The jury

---

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

had not found defendant guilty based on a theory of vicarious liability; rather it found that "defendant was the actual shooter and that he personally used and discharged the firearm." Defendant timely appealed from the ruling.

Counsel was appointed to represent defendant in connection with this appeal. After reviewing the record, counsel filed a brief raising no issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel stated that she had advised defendant that he could file a supplemental brief and had sent him the transcripts and a copy of the opening brief.

On November 17, 2022, we sent a notice to defendant stating the following: "Counsel appointed to represent appellant on appeal has filed an appellant's opening brief that raises no issues. ([*Wende, supra*, 25 Cal.3d at p.] 442.) [¶] Appointed counsel is directed to send the record of this appeal and a copy of appellant's opening brief to appellant immediately. Within 30 days of the date of this notice, appellant may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider."

To date, defendant has not filed a supplemental brief.

An appeal from the denial of a section 1172.6 petition "does not implicate a constitutional right to counsel[.]" (*People v. Delgadillo* (2022) 14 Cal.5th 216, 222 (*Delgadillo*).) Accordingly, when counsel finds no arguable issues in such an appeal, we are not required to conduct an independent review of the record as set out in *Wende, supra*, 25 Cal.3d 436. (*Delgadillo, supra*, at p. 222.) Rather, the California Supreme Court recently prescribed the following procedures:

"When appointed counsel finds no arguable issues to be pursued on appeal:  (1) counsel should file a brief informing the court of that determination,  including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter.  [Citations.]

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues.  [Citations.]  If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned.  [Citation.]  If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter.  [Citation.] While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal. [Citations.]"  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)

Here, we provided notice to defendant before *Delgadillo* was issued.  Although our notice informed defendant of his right to file a supplemental brief, it did not inform him that his appeal could be dismissed if a supplemental brief was not filed. Additionally, the notice "affirmatively cited *Wende* after [defendant]'s counsel had filed a brief pursuant to *Wende*." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.)  Thus, "the notice in this case was suboptimal."  (*Ibid.*)

4

As our Supreme Court did in *Delgadillo* under the same circumstances, we have undertaken an independent review of the entire record on appeal "in the interest of judicial economy[.]" (*Delgadillo*, *supra*, 14 Cal.5th at p. 222; see also *id.* at p. 233, fn. 6.) Based on this independent review, we are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issues exist.

### DISPOSITION

The order denying defendant's second section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.        ASHMANN-GERST, J.        CHAVEZ, J.